FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 02 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**MARIAH SIMPSON, Individually and on**                                              **PLAINTIFF**
**Behalf of all Others Similarly Situated**

vs.                                      No. 4:18-cv-_____

**DAVE & BUSTER'S OF ARKANSAS, INC;**                                    **DEFENDANTS**
**DAVE & BUSTER'S, INC.; DAVE &**
**BUSTER'S ENTERTAINMENT, INC; DAVE &**
**BUSTER'S MANAGEMENT CORPORATION,**
**INC.; DAVE & BUSTER'S HOLDINGS, INC.;**   This case assigned to District Judge_____
**and DAVE & BUSTER'S OF KANSAS, INC.**   and to Magistrate Judge_____

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COME NOW Plaintiff Mariah Simpson, by and through her attorneys Chris Burks
and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—
Class and Collective Action against Defendant Dave & Buster's of Arkansas, Inc.; Dave
& Buster's, Inc.; Dave & Buster's Entertainment, Inc.; Dave & Buster's Management
Corporation, Inc.; Dave & Buster's Holdings, Inc.; and Dave & Buster's of Kansas, Inc.
(collectively herein referred to as "Defendant"), she does hereby state and allege as
follows:

### I.   PRELIMINARY STATEMENTS

1.      This a hybrid class and collective action brought by Plaintiff Mariah
Simpson, individually and on behalf of other tipped employees employed by Defendant
at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, including a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff and other tipped employees lawful minimum and compensation for hours worked.

3.      Plaintiff was a server at Dave & Buster's location in Little Rock and also in Kansas City.

4.      Plaintiff and other servers were paid $2.63 per hour plus tips. Defendant, however, was not paying Plaintiff and other servers a lawful Arkansas or federal minimum wage, required Plaintiff and other servers to spend more than 20% of their shift performing non-tipped work and did not pay Plaintiff and other servers for all hours worked.

5.      Defendant was not taking a lawful tip credit and therefore Plaintiff and other servers were not being paid a lawful Arkansas minimum wage or federal minimum wage.

6.      Plaintiff and other servers spent more than 20% of their time performing non-tipped duties for Defendant such as rolling silverware, cleaning tea and drink stations and tidying assigned table sections. Because Plaintiff and other servers spent more than 20% of their time performing non-tipped duties for Defendant, Defendant was required to pay Plaintiff and its other servers at least $8.50 per hour.

7.      Plaintiff and other servers were required to work at $2.63 per hour when the dining room was closed, when they were doing side work not in the dining room, and when they were doing cut work.

8.      As a result of the policies put in place by Defendant, Plaintiff and other servers were often required to perform non-tipped work for less than minimum wage.

9.      Plaintiff and other tipped servers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

10.     Defendant's policies violate the FLSA because Plaintiff and others similarly situated are not compensated at a minimum of $7.25 per hour.

11.     Defendant's policies violate the AMWA because Plaintiff and others similarly situated are not compensated a minimum of $8.50 per hour.

12.     Plaintiff and all those similarly situated seek a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendant's failure to pay minimum wages under the FLSA and the AMWA.

## II.      JURISDICTION AND VENUE

13.     This is an action brought by Plaintiff on behalf of herself and all others similarly situated against Defendant for violations of the FLSA, 29 U.S.C. § 201 *et seq.* and the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

14.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

15.     This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.  This Court has pendent jurisdiction over Plaintiff's AMWA claims

pursuant to 28 U.S.C. § 1367(a).

16.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

17.     Defendant does business in this district and a substantial part of the events alleged herein occurred in this District.

18.     On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

### III.     THE PARTIES

19.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

20.     Plaintiff is a citizen and resident of Pulaski County.

21.     Plaintiff worked for Defendant at times during the three years preceding the filing of this Complaint.

22.     Plaintiff, as employee of Defendant, is engaged in commerce or in the production of goods for commerce.

23.     Separate Defendant Dave & Buster's of Arkansas, Inc., is a Delaware, for-profit corporation that owns and operates a Dave & Busters in Pulaski County, Arkansas.

24.     Separate Defendant Dave & Buster's of Arkansas, Inc., operates the Dave & Busters located at 10900 Bass Pro Parkway, Little Rock, Arkansas 72210.

25.     Separate Defendant Dave & Buster's of Arkansas, Inc.'s registered agent for service of process is Capitol Corporate Services, Inc., who may be served at 300

South Spring Street, Suite 900, Little Rock, Arkansas 72201.

26.     Separate Defendant Dave & Buster's of Arkansas, Inc.'s annualized gross volume of sales made or business done is not less than $500,000.00.

27.     Separate Defendant Dave & Buster's of Arkansas, Inc., employs individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

28.     Separate Defendant Dave & Buster's of Arkansas, Inc., was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

29.     Separate Defendant Dave & Buster's Inc., is a Missouri, for-profit corporation with its corporate headquarters located at 2481 Manana Drive, Dallas, Texas 75520.

30.     Separate Defendant Dave & Buster's Inc., registered agent for service is Capitol Corporate Services, Inc., who may be served at 222 East Dunklin, Suite 102, Jefferson City, Missouri 65101.

31.     Separate Defendant Dave & Buster's Inc., annual gross volume of sales made or business done is not less than $500,000.00.

32.     Separate Defendant Dave & Buster's Inc., has employees engaged in interstate commerce.

33.     Separate Defendant Dave & Buster's Inc., has more than four (4) employees.

34.     Separate Defendant Dave & Buster's Entertainment, Inc., is a Delaware corporation with its principal address at 2481 Manana Drive, Dallas, Texas 75520.

35.     Separate Defendant Dave & Buster's Entertainment, Inc., registered agent is the Corporate Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

36.     Separate Defendant Dave & Buster's Entertainment, Inc., annual gross volume of sales made or business done is not less than $500,000.00.

37.     Separate Defendant Dave & Buster's Entertainment, Inc., has employees engaged in interstate commerce.

38.     Separate Defendant Dave & Buster's Entertainment, Inc., has more than four (4) employees.

39.     Separate Defendant Dave & Buster's Management Corporation, Inc., is a Delaware corporation, whose registered agent for service is Capitol Services, Inc., who may be served at 1675 South State Street, Suite B, Dover, Delaware 19901.

40.     Separate Defendant Dave & Buster's Management Corporation, Inc., annual gross volume of sales made or business done is not less than $500,000.00.

41.     Separate Defendant Dave & Buster's Management Corporation, Inc., has employees engaged in interstate commerce.

42.     Separate Defendant Dave & Buster's Management Corporation, Inc., has more than four (4) employees.

43.     Separate Defendant Dave & Buster's Holdings, Inc., is a Delaware, for-profit corporation whose principal address is located at 2481 Manana Drive, Dallas, Texas 75520.

44.     Separate Defendant Dave & Buster's Holdings, Inc., registered agent for service is Capitol Services, Inc., and may be located at 1675 South State Street, Suite B, Dover, Delaware 19901.

45.     Separate Defendant Dave & Buster's Holdings, Inc., annual gross volume of sales made or business done is not less than $500,000.00.

46.     Separate Defendant Dave & Buster's Holdings, Inc., has employees engaged in interstate commerce.

47.     Separate Defendant Dave & Buster's Holdings, Inc., has more than four (4) employees.

48.     Separate Defendant Dave & Buster's of Kansas, Inc., is a Kansas for-profit corporation whose principal address is 2481 Manana Drive, Dallas, Texas 75220.

49.     Separate Defendant Dave & Buster's of Kansas, Inc., registered agent for service is the Capitol Corporate Service, Inc., and may be located 700 Southwest Jackson, Suite 100, Topeka, Kansas 66603.

50.     Separate Defendant Dave & Buster's of Kansas, Inc., annual gross volume of sales made or business done is not less than $500,000.00.

51.     Separate Defendant Dave & Buster's of Kansas, Inc., has employees engaged in interstate commerce.

52.     Separate Defendant Dave & Buster's of Kansas, Inc., has more than four (4) employees.

53.     Separate Defendant Dave & Buster's of Arkansas, Inc., Dave & Buster's Inc., Dave & Buster's Entertainment, Inc., Dave & Buster's Management Corporation, Inc., Dave & Buster's Holdings, Inc., Dave & Buster's of Kansas, Inc., constitute an

integrated enterprise because Defendants' related activities of jointly owning and operating Dave & Buster's restaurant are for a common business purpose within the meaning of FLSA, 29 U.S.C. § 203(r).

54.     Separate Defendant Dave & Buster's of Arkansas, Inc., Dave & Buster's Inc., Dave & Buster's Entertainment, Inc., Dave & Buster's Management Corporation, Inc., Dave & Buster's Holdings, Inc., Dave & Buster's of Kansas, Inc., acted jointly as the employer of Plaintiff and the proposed collective and class members and have been engaged in interstate commerce as that term is defined under the FLSA and the AMWA.

## IV.   FACTUAL ALLEGATIONS

55.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

56.     Plaintiff was employed by Defendant as a server at Defendant's Little Rock and Kansas City location during the time period relevant to this lawsuit.

57.     Plaintiff and those similarly situated work(ed) as hourly, non-exempt servers for their respective Dave & Buster's locations.

58.     At all times relevant herein, Plaintiff and all others similarly situated were:

    A.     Paid less than the lawful minimum wage required by law;

    B.     Spent more than 20% of their time performing non-tipped work; and

    C.     Not paid for all hours worked.

59.     Defendant pays its servers less than the Arkansas minimum wage of $8.50 per hour and the federal minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendant takes advantage of the tip credit allowed by 29 U.S.C. § 203(m).

60.     As servers, however, Plaintiff and those similarly situated worked shifts which did not generate enough tips to allow Defendant to take a lawful tip credit.

61.     Defendant paid Plaintiff and those similarly situated the same rate (below the applicable minimum wages) regardless of how much Plaintiff and those similarly situated made in tips during a shift.

62.     As servers, Plaintiff and those similarly situated performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as rolling silverware, cleaning tea and drink stations and tidying assigned table sections ("non-tipped work").

63.     Upon information and belief, Defendant does not distinguish between time spent by servers on tipped work and time spent by servers on non-tipped work.

64.     Rolling silverware, clearing tea and drink stations and tidying assigned table sections and other non-tipped duties are a regular part of servers' jobs. Non-tipped duties occupy approximately forty or fifty percent of servers' time.

65.     Defendant paid Plaintiff and those similarly situated the same rate—below the applicable minimum wages—for both tipped work and non-tipped work.

66.     As a result of the policies put in place by Defendant, Plaintiff and those similarly situated were not paid a lawful minimum wage under the FLSA or the AMWA for all hours worked.

67.     Plaintiff and all those similarly situated are entitled to the return of their tips and wages and compensation based on the standard minimum wage for all hours worked.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Collective

67.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

68.     At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

69.     Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

70.     Plaintiff brings her FLSA claims on behalf of all servers who were paid tips employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     A lawful minimum wage for all hours worked; and

B.     Liquidated damages and attorneys' fees and costs.

71.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" her written Consent to Join this lawsuit.

72.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

73.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were subject to Defendant's common practice of paying less than Arkansas minimum wage and the federal minimum wage;

B.      They spent more than 20% of their time performing non-tipped duties for Defendant; and

C.      They were not paid for all hours worked.

74.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 40 persons.

75.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

76.     Defendant can readily identify the members of the Section 16(b) Collective.  The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

77.     At all relevant times, Defendant directly hired members of the Collective Action Class to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

78.     At all relevant times, each member of the Collective Action Class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

### B.    AMWA Rule 23 Class

79.    Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the AMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure.

80.    Plaintiff proposes to represent the class of tipped servers who are/were employed by Defendant within the relevant time period within Arkansas.

81.    The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that over 40 class members have worked for Defendant without appropriate pay, as described herein, throughout the applicable statutory period within the State of Arkansas.

82.    This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

A.    Whether Defendant took a lawful tip credit pursuant to the requirements of 29. U.S.C. § 203(m);

B.    Whether Plaintiff and others similarly situated were required to perform non-tipped duties for more than 20% of their time while employed by Defendant;

C.    Whether Defendant satisfied its obligation to pay Plaintiff and others similarly situated the minimum wage payments required by the FLSA and the AMWA;

D.    Whether Defendant informed Plaintiff and others similarly situated about the requirements of 29 U.S.C. § 203(m);

E.    The correct method of calculating back pay;

F.    Whether Plaintiff and others similarly situated are entitled to compensatory and liquidated damages, and if so, the means of measuring such damages;

G.    Whether Defendant is liable for pre-judgment interest; and

H.    Whether Defendant is liable for attorney's fees and costs.

83.    This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, in that Plaintiff and others similarly situated were denied their wages as a result of Defendant's uniform practice of not taking a lawful tip credit, requiring Plaintiff and those similarly situated to spend more than 20% of their time on non-tipped duties and nonpayment for all hours worked. These are the predominant issues that pertain to the claims of Plaintiff and of others similarly situated.

84.    Plaintiff has no interests antagonistic to the interests of the other members of the Class.  Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation.  Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

85.    A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

A.    Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the class in litigating the common issues on a class-wide, instead of on a repetitive individual, basis;

B.     Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

C.     No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

86.    Plaintiff is not aware of any member of the proposed class who has an interest in individually controlling the prosecution of separate actions, nor is Plaintiff aware of any other litigation concerning this particular controversy.

87.    Class certification is further appropriate under AMWA because Defendant has acted and continues to act on grounds generally applicable to the members of the class and all the requirements under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure are met.

88.    Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents AMWA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the class and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

89.    The questions of law and fact common to Plaintiff and members of the putative class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

90.   Defendant has engaged in continuing violations of the AMWA and the FLSA.

91.   Plaintiff and the putative Class have suffered, and will continue to suffer, irreparable damage from Defendant's illegal policy, practice, and custom regarding pay for tipped servers.

## VI.   FIRST CLAIM FOR RELIEF

### (Collective Action Claim for Violation of the Fair Labor Standards Act)

100.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

101.   This is a collective action filed on behalf of all non-exempt servers who were subject to an unlawful tip credit under the FLSA, were required to spend more than 20% of their time on non-tipped duties and were not paid for all hours worked.

102.   At all relevant times, Plaintiff and all similarly-situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

103.   At all relevant times, Plaintiff and all similarly-situated employees have been "employees" of Defendant's, as defined by 29 U.S.C. § 203(e).

104.   At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly-situated employees, as defined by 29 U.S.C. § 203(d).

105.   Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. § 203(m).

106.   An employer can only retain an employee's tips in further of a valid tip-pooling arrangement or as a credit towards its minimum wage obligations.

107.   Defendant failed to pay Plaintiff and all similarly-situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

108.   Because these employees are similarly situated to Plaintiff, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All servers who were tipped employees for Defendant at any time within the past three years.**

109.   At all relevant times, Defendant willfully failed and refused to compensate Plaintiff and other similarly-situated employees for all hours worked at the standard minimum wage under the FLSA because of an unlawful tip credit arrangement.

110.   Defendant willfully violated and continues to violate the FLSA by taking an unlawful tip credit.

111.   Defendant's violations entitle Plaintiff and all other similarly-situated employees to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour less the amount of wages actually received and a return of the tips withheld.

112.   Defendant's violations entitle Plaintiff and all other similarly-situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

113.   Plaintiff and all other similarly-situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII.  SECOND CLAIM FOR RELIEF

### (Class Action Claim for Violations of AMWA Minimum Wage Provisions)

114.  Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

115.  At all relevant times, Plaintiff and all similarly-situated employees have been entitled to the rights, protection, and benefits provided by the AMWA.

116.  At all relevant times, Plaintiff and all similarly-situated employees have been "employees" of Defendant's, as defined by Ark. Code Ann. § 11-4-203(3).

117.  At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly-situated employees, as defined by Ark. Code Ann. § 11-4-203(4).

118.  Defendant had failed and refused to comply with the AMWA wage requirements by failing to take a lawful tip credit, failing to compensate Plaintiff and other similarly situated-employees for non-tipped work and failing to compensate for all hours worked.

119.  Plaintiff proposes to represent the AMWA liability class of individuals as follows:

### All servers who were tipped employees for Defendant in Arkansas within the past three years.

120.  Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

121.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations that

occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

122.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

123.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the class members as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the Fair Labor Standards Act)

124.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

125.    At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

126.    At all relevant times, Plaintiff has been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

127.    At all relevant time, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

128.    Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. §203(m).

129. Furthermore, an employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit toward its minimum wage obligations.

130. Defendant failed to pay Plaintiff the minimum wages required under the FLSA for tipped work and for non-tipped work.

131. At all relevant times, Defendant willfully failed and refused to compensate Plaintiff for all hours worked at the standard minimum wage under the FLSA because it took an unlawful tip credit.

132. Defendant willfully violated and continues to violate the FLSA by taking an unlawful tip credit.

133. Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour less the amount of wages actually received and a return of the tips withheld.

134. Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

135. Plaintiff is entitled to an award of her attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## IX. FOURTH CLAIM FOR RELIEF

### (Individual Claim for Violation of AMWA Minimum Wage Provisions)

136. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

137. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

138.   At all relevant times, Plaintiff has been an "employee" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

139.   At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

140.   Defendant has failed and refused to comply with the AMWA wage requirements by failing to take a lawful tip credit, failing to compensate Plaintiff for non-tipped work and failing to compensate for all hours worked.

141.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable arbitrary and in bad faith.

142.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

143.   Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

144.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, she is entitled to an award of prejudgment interest at the applicable legal rate.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Mariah Simpson, individually and on behalf of all members of the putative class respectfully requests this Court grant the following relief:

A.     Summon each Defendant to appear and answer herein;

B.     Certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.     Designate Plaintiff as representative of the class;

D.     Designate Sanford Law Firm, PLLC, as class counsel;

E.     Enter declaratory judgment that the practices complained of herein are unlawful under Arkansas law;

F.     Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff and putative class members are entitled;

G.     Award Plaintiff and putative class members compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage and a return of all tips owed them from a period of three (3) years prior to this lawsuit through the date of trial;

H.     Certification of a class pursuant to the FLSA with all attendant notices to class members, and proper procedures, all as set forth above and as to be explained more fully by motion practice;

I.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an

amount equal to all unpaid compensation owed to Plaintiff and members of the Class during the applicable statutory period;

J.      Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

K.      An award to Plaintiff of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

L.      All such other and further relief to which this Court may find Plaintiff entitled.

Respectfully submitted,

**MARIAH SIMPSON, Individually and on Behalf of all Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER,
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Christopher Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARIAH SIMPSON, Individually and on**                    **PLAINTIFF**
**Behalf of all Others Similarly Situated**

vs.                                      No. 4:18-cv-_____

**DAVE & BUSTER'S OF ARKANSAS, INC;**                      **DEFENDANTS**
**DAVE & BUSTER'S, INC.; DAVE &**
**BUSTER'S ENTERTAINMENT, INC; DAVE &**
**BUSTER'S MANAGEMENT CORPORATION,**
**INC.; DAVE & BUSTER'S HOLDINGS, INC.;**
**and DAVE & BUSTER'S OF KANSAS, INC.**

## CONSENT TO JOIN COLLECTIVE ACTION

I am/was employed as a server for Dave & Buster's Inc. ("Defendant"), during some of the three years prior to the signing of this document. I understand this lawsuit is being brought under the Fair Labor Standards Act for overtime compensation and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____
MARIAH SIMPSON

Date: May 2, 2018

**EXHIBIT**
**A**
PENGAD 800-631-6989