FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 02 2018

JAMES W. McCORMACK, CLERK
.By:_____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARIAH SIMPSON, Individually and on behalf of all Others Similarly Situated | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:18-cv-00290-JM |
| DAVE & BUSTER'S OF ARKANSAS, INC; DAVE & BUSTER'S, INC.; DAVE & BUSTER'S ENTERTAINMENT, INC; DAVE & BUSTER'S MANAGEMENT CORPORATION, INC.; DAVE & BUSTER'S HOLDINGS, INC.; and DAVE & BUSTER'S OF KANSAS, INC. | § § § § § § § § § | |
| Defendant. | § § | |

**FINAL STIPULATION AND SETTLEMENT AGREEMENT**

# CONFIDENTIAL – FILED UNDER SEAL

FILED UNDER SEAL PURSUANT TO THE TEXT ENTRY ORDER
ENTERED BY JUDGE JAMES M. MOODY, JR. ON OCTOBER 31, 2018

Respectfully submitted,

*/s/ Kimberly R. Miers*
Kimberly R. Miers
Texas State Bar No. 24041482
kmiers@littler.com
Nicole S. LeFave *(Admission forthcoming)*
Texas State Bar No. 24085432
nlefave@littler.com

**LITTLER MENDELSON, P.C.**
A Professional Corporation
100 Congress Avenue, Suite 1400
Austin, Texas 78701
512.982.7250
512.982.7248 (Fax)

**ATTORNEYS FOR DEFENDANTS**

15



Littler Mendelson, P.C.
100 Congress Avenue
Suite 1400
Austin, TX 78701

November 2, 2018

Kimberly R. Miers
512.982.7253 direct
512.982.7250 main
512.982.7248 facsimile
kmiers@littler.com

**VIA HAND DELIVERY**

James W. McCormack
United States District Clerk
United States District Court, Eastern District of Arkansas
Richard Sheppard Arnold United States Courthouse
500 West Capitol Avenue, Room A149
Little Rock, Arkansas 72201

  Re: Civil Action No. 4:18-cv-00290-JM; *Mariah Simpson, Individually and on behalf of all Others Similarly Situated v. Dave & Buster's of Arkansas, Inc., et al.*; In the United States District Court for the Eastern District of Arkansas, Western Division

Dear Mr. McCormack:

Pursuant to the Court's Order entered in the above matter on October 31, 2018, please find enclosed the Final Stipulation and Settlement Agreement to be filed under seal, and three (3) additional copies. Please deliver one copy to Judge Moody, and return two file-stamped copies to the courier.

  Thank you for your assistance in this matter.

        Sincerely,

        */s/ Kimberly P. Miers*

        Kimberly R. Miers

KRM/sam
Enclosures

littler.com

James W. McCormack
United States District Clerk
November 2, 2018
Page 2

cc:     ***Via Hand Delivery***
        Josh Sanford
        Steve Rauls
        Sanford Law Firm, PLLC
        One Financial Center
        650 South Shackleford, Suite 411
        Little Rock, Arkansas  72211

FIRMWIDE:159651665.1 097988.1002

| | |
|---|---|
| **From:** | ecf_support@ared.uscourts.gov |
| **To:** | ared_ecf@ared.uscourts.gov |
| **Subject:** | Activity in Case 4:18-cv-00290-JM Simpson v. Dave & Buster"s of Arkansas Inc et al Order |
| **Date:** | Wednesday, October 31, 2018 1:46:40 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Eastern District of Arkansas

**Notice of Electronic Filing**

The following transaction was entered on 10/31/2018 at 1:45 PM CDT and filed on 10/31/2018
**Case Name:** Simpson v. Dave & Buster's of Arkansas Inc et al
**Case Number:** 4:18-cv-00290-JM
**Filer:**
**Document Number:** 14(No document attached)

**Docket Text:**
(This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER. The parties are directed to file the stipulation of settlement under seal within 3 days of this order. Signed by Judge James M. Moody Jr. on 10/31/18. (amr)

**4:18-cv-00290-JM Notice has been electronically mailed to:**

Joshua Sanford     josh@sanfordlawfirm.com, steve@sanfordlawfirm.com, tracy@sanfordlawfirm.com

Kimberly Rives Miers     kmiers@littler.com, smendoza@littler.com

Christopher Wesley Burks     chris@sanfordlawfirm.com

Nicole Susanne LeFave     nlefave@littler.com, dpate@littler.com

**4:18-cv-00290-JM Notice has been delivered by other means to:**

## FINAL STIPULATION AND SETTLEMENT AGREEMENT

Mariah Simpson ("Simpson") and Defendants Dave & Busters of Arkansas, Inc., Dave & Buster's, Inc., Dave & Buster's Entertainment, Inc., Dave & Buster's Management Corporation, Inc., Dave & Buster's Holdings, Inc., and Dave & Buster's of Kansas, Inc. ("Defendants" and, collectively, "the Parties") enter into this Final Stipulation and Settlement Agreement ("Stipulation") to resolve all of Simpson's demands, disputes, and claims for relief, including those that have been or could have been asserted in *Mariah Simpson v. Dave & Buster's of Arkansas, Inc. et al.*, Case No. 4:18-cv-00290, in the Eastern District of Arkansas, Western Division ("the Litigation"), conditioned upon entry by the Court of a Final Order and judgment approving the Stipulation and dismissing with prejudice all claims encompassed by the Stipulation.

## I. RECITALS AND BACKGROUND

On May 2, 2018, Counsel for Plaintiff filed the underlying Complaint in the District Court for the Eastern District of Arkansas against Defendants, alleging violations of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") and seeking unpaid compensation, liquidated damages, and attorneys' fees and costs related to her pay rate during time that Plaintiff alleges she spent performing non-tipped work. The Parties jointly moved to stay the case pending mandatory arbitration after Defendants invoked an agreement executed by Plaintiff that requires her to arbitrate her claims against Defendants. The Court granted the Parties' motion on June 22, 2018.

During the pendency of the Litigation, the Parties undertook a legal and factual analysis of Plaintiff's claims and defenses. After arm's-length bargaining, the Parties entered into a proposed settlement agreement. The Parties enter into this Stipulation to resolve all claims by Plaintiff; to avoid the uncertainties of going forward with litigation; to avoid further expenses, inconveniences

and the distractions of burdensome and protracted litigation; to obtain the covenants, releases, orders and judgments contemplated by this Stipulation; and to achieve what the Parties believe is a fair, reasonable, adequate and final resolution of the claims being settled as set forth herein. Based upon undersigned Plaintiff's counsel's evaluation, they have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiff.

This Stipulation memorializes the terms of the settlement. Because this Stipulation, by its own terms, requires the Parties to keep the terms of the Stipulations confidential, the Parties sought leave of the Court to file the Stipulation under seal, or in the alternative, an in camera inspection of the Stipulation.

## II. DEFENDANTS' DENIAL OF WRONGDOING OR LIABILITY

Defendants specifically and generally deny any and all liability or wrongdoing of any sort with regard to any of the claims made by Plaintiff, and make no concessions or admissions of liability for wages or liquidated damages of any sort. Nonetheless, after considering the uncertainty and risks inherent in litigation, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. However, neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Persons, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.

### III. CLAIMS AND BENEFITS OF SETTLEMENT

Plaintiff and undersigned Plaintiff's Counsel believe that the claims asserted in the Litigation have some merit. However, they recognize and acknowledge the expense and length of the type of continued proceedings necessary to prosecute the Litigation against Defendants through arbitration and recognize the significant limitations on the damages available to Plaintiff. Plaintiff and undersigned Plaintiff's counsel have also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in all litigation. Based upon their evaluation, they have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiff.

### IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between Plaintiff and Defendants, with the assistance of their respective attorneys of record, that the Litigation should be finally and fully compromised, settled and released, and dismissed with prejudice upon and subject to the terms and conditions of the Stipulation and the Final Order.

### V. DEFINITIONS.

As used in all parts of this Stipulation, the following terms have the meanings specified below:

"Litigation" means the lawsuit filed in the U.S. District Court, Eastern District of Arkansas, Western Division, styled *Mariah Simpson v. Dave & Buster's of Arkansas, Inc. et al.*, Case No. 4:18-cv-00290.

"Court" means the United States District Court for the Eastern District of Arkansas, Western Division.

-3-

"Defendants" means Dave & Busters of Arkansas, Inc., Dave & Buster's, Inc., Dave & Buster's Entertainment, Inc., Dave & Buster's Management Corporation, Inc., Dave & Buster's Holdings, Inc., and Dave & Buster's of Kansas, Inc. and their past, present, and future direct and indirect parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, members, insurers, reinsurers and assigns, and each of their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors and representatives.

"Effective Date" means the date of final approval of this Settlement Agreement by the Court.

"Final Order" means the Court's filing of the fully-signed "Order Granting Approval of Settlement" defined below. Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees shall not, by itself, in any way delay or preclude the Final Order from becoming final.

"Order Granting Approval of Settlement" shall mean an order to be entered and filed by the Court dismissing the Litigation with prejudice.

"Plaintiff" refers to Mariah Simpson.

"Plaintiff's Counsel" means Josh Sanford and Christopher Burks of Sanford Law Firm PLLC, One Financial Center 650 South Shackleford, Suite 411 Little Rock, Arkansas 72211.

"Released Claims" shall collectively mean any and all claims, obligations, demands, actions, causes of action and liabilities against any Released Persons, of whatever kind and nature, character and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including Unknown Claims as defined below, demands, rights, liabilities and causes of action of

every nature and description whatsoever by Plaintiff relating to her employment with D&B Management Corporation, Inc. that accrued through the Effective Date and claims for any type of relief, including without limitation claims for wages, tips, premium pay, overtime pay, damages, unpaid amounts, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief. The Released Claims include claims meeting the above definition under any and all applicable statutes, including without limitation the FLSA, the Portal to Portal Act and the AMWA, but do not include any vested employee retirement benefits.

Released Claims also include, but are not limited to, any claim of discrimination, retaliation, harassment, wrongful termination, breach of contract (express or implied), negligence, defamation, slander, libel, personal injury, and/or tortious conduct (intentional or unintentional) for any and all injuries, harm, damages, penalties, costs, losses, expenses, attorney's fees, and/or liability or other detriment, whenever incurred, suffered, or claimed by the Plaintiff in the Litigation or otherwise as a result of any and all acts, omissions, or events by the Released Persons, collectively or individually, through the Effective Date of this Agreement.

The Released Claims do not include any claim that cannot be released by private agreement, such as workers' compensation claims, claims after the effective date of this Agreement, claims relating to vested benefits under any pension or 401(k) plan or other ERISA covered benefit plan, and the right to file administrative charges with certain government agencies.

"Released Parties" means Defendants and their past, present, and future direct and indirect parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, members, insurers, reinsurers and assigns, and each of their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors and representatives.

"Settlement Amount" means the total amount that Defendants shall pay to Plaintiff and her counsel under the terms of this Stipulation, which is the total amount of **Seven Thousand Eight Hundred Thirty-One Dollars and Forty Four Cents ($7,831.44)** representing:

(a) Nine Hundred Fifteen Dollars and Seventy-Two Cents ($915.72) to Plaintiff for wages;

(b) Nine Hundred Fifteen Dollars and Seventy-Two Cents ($915.72) to Plaintiff for liquidated damages; and

(b) Six Thousand Dollars and No Cents ($6,000.00) to Plaintiff's counsel as attorneys' fees and costs.

The wages portion of the settlement payment to Plaintiff shall be subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state specific statutory deductions) and any and all other authorized or required deductions, including, but not limited to, garnishments, liens and child support payments, for which an IRS Form W-2 shall be issued. The attorneys' fees and costs, will be paid separate and apart from, and will not be deducted from, the settlement funds paid to Plaintiff.

"Settling Parties" means Plaintiff and Defendants as defined above.

"Stipulation" means this agreement, the joint Final Stipulation and Settlement Agreement, which the Parties understand and agree set forth all material terms and conditions of the settlement between them, and which is subject to Court approval. It is understood and agreed that Defendants' obligations for payment under this Stipulation are conditioned on, inter alia, the occurrence of the Effective Date.

"Unknown Claims" means any Released Claims that Plaintiff does not know or suspect to exist in her favor at the time of the entry of the Final Order, which, if known by her, might have

affected her settlement with and release of the Released Persons. Plaintiff may hereafter discover facts in addition to or different from those which she now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiff shall be deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff acknowledges the significance and consequence of this waiver, and Plaintiff shall be deemed by operation of the Final Order to have acknowledged the consequence and significance and assume full responsibility for any loss that may be incurred by reason of such waiver. Plaintiff further acknowledges that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## VI. THE SETTLEMENT.

Plaintiff is receiving a settlement payment representing compensation for hours worked and consideration for her release of claims. Despite there being a dispute as to whether Plaintiff is even entitled to any additional compensation, this payment is reasonable and fair, and represents her best day in court in light of the evidence.

Not more than fifteen (15) days after the Effective Date, and only in the event that the Effective Date occurs, Defendants will forward checks to Plaintiff's Counsel as follows:

(a) One check payable to Plaintiff in the amount of Nine Hundred Fifteen Dollars and Seventy-Two Cents ($915.72) for wages, from which appropriate and standard

employment withholdings (taxes and deductions required by law to be withheld) shall be withheld and for which a W-2 form will be issued;

(b) One check payable to Plaintiff in the amount of Nine Hundred Fifteen Dollars and Seventy-Two Cents ($915.72) to Plaintiff for liquidated damages, for which a 1099 form will be issued; and

(b) One check payable to Sanford Law Firm, PLLC in the amount of Six Thousand Dollars and No Cents ($6,000.00) for attorneys' fees and costs, for which a 1099 form will be issued.

## VII. COURT APPROVAL OF STIPULATION.

Plaintiff and Defendants, through their counsel of record in the Litigation, shall file this Stipulation with the Court and jointly move for approval of this Stipulation. Via this submission, Plaintiff and Defendants, through their counsel of record, will request that the Court enter the Order Granting Approval of Settlement, granting final approval of the settlement, granting final approval of this Stipulation, and entering the Final Order. Via this same motion, Plaintiff, through counsel, shall advise the Court of the agreements set forth in this Stipulation.

The Stipulation, which the Parties understand and agree sets forth all material terms and conditions of the settlement between them, is subject to Court approval. It is understood and agreed that Defendants' obligations for payment under this Stipulation are conditioned on, inter alia, the occurrence of the Effective Date as defined herein.

### A. CONFIDENTIALITY AND NON-DISPARAGEMENT

The fact of settlement, and the amount of the settlement payment, shall remain strictly confidential, except as required by law. Neither Plaintiff, nor counsel for Plaintiff, may disclose to any news organization or member of the media, or otherwise disclose to anyone in any medium

(including, but not limited to, websites, blogs, internet chat rooms or message boards, social networking sites or pages, or marketing or promotional materials of any kind) any of the information referenced herein.

Plaintiff agrees to keep the terms of this Stipulation confidential and to not disclose the substance or contents of this Stipulation to any third party or entity, other than their legal or financial advisors or insurers, taxing entities, or as otherwise required by law. Plaintiff and counsel for Plaintiff shall not contact any news or verdict search organization to disclose either the fact that the Litigation or dispute between the Parties has been settled or any term of the Stipulation. Further, in the event Plaintiff hereafter is served with a Court order, subpoena, or other legal process that calls for disclosure of this Stipulation or the terms thereof, Plaintiff shall, immediately, provide Defendants with written notice thereof, served on Kimberly Rives Miers, Littler Mendelson P.C., 100 Congress Avenue, Suite 1400, Austin, Texas 78701, along with a copy of the order, subpoena, or other legal process, so that Defendants may, if appropriate, seek relief to protect the confidentiality of this Stipulation. Except where otherwise required by law or where necessary for accounting or auditing purposes, the only authorized description of this Stipulation by Plaintiff shall be that "The matter was dismissed by agreement of the parties" and "I cannot discuss it further." The Parties agree that nothing in this paragraph is intended to prevent Plaintiff from providing truthful statements or testimony in any proceeding.

The confidentiality of the terms and conditions contained herein is part of the consideration inducing Defendants to enter into this Stipulation. The Parties agree that it would be impossible or impractical to determine the actual damages suffered by Defendants as a result of any breach, as proven in a court of competent jurisdiction, of this Stipulation. Further, the Parties acknowledge and agree that the time and expenses involved in proving in any forum the actual damage or loss

suffered by Defendants for a breach, as proven in a court of competent jurisdiction, of this Stipulation makes liquidated damages appropriate. Accordingly, instead of requiring any proof of damages or losses, the Parties agree that as liquidated damages for any single incident of breach of this Stipulation (but not as a penalty), Plaintiff shall pay Defendants the sum of Seven Hundred Fifty Dollars ($750.00).

### VIII. RELEASES.

Upon the Effective Date, Plaintiff, by and through this Stipulation and her attorneys, shall be deemed to have, and by operation of the Final Order shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged any and all Released Claims, including Unknown Claims, against Released Persons.

Plaintiff further agrees not to sue any of the Released Persons based on any Released Claims and agrees not to accept, recover or receive any back pay, front pay or any other monetary recovery, damages or award or portion thereof arising out of or in connection with any action brought against the Released Persons. The Parties intend that this release shall discharge all claims against the Released Persons to the maximum extent permitted by law.

### IX. PAYMENT OF COSTS AND ATTORNEY FEES.

Plaintiff and Plaintiff's Counsel agree that payments made per this Stipulation shall constitute full satisfaction of any claim for fees or costs related to this particular settlement, and Plaintiff and Plaintiff's Counsel agree that they shall not seek nor be entitled to any additional attorney fees or costs under any theory related to the Litigation.

### X. TERMINATION OF SETTLEMENT.

In the event that the settlement set forth in this Stipulation shall not be approved in its entirety as is by the Court, excluding changes to formatting or fixing typographical errors therein,

or in the event that the Effective Date does not occur, no payments shall be made by Defendants to anyone in accordance with the terms of this Stipulation, the Parties will bear their own costs and fees with regard to the efforts to obtain Court approval and this Stipulation shall be deemed null and void with no effect on the Litigation whatsoever.

In such event, the Parties shall resume the Litigation in arbitration at that time as if no Stipulation had been entered. Further, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, nunc pro tunc. Notwithstanding any other provision of this Stipulation, no order of the Court reducing, or modification or reversal on appeal of any order of the Court reducing the amount of any attorney fees or costs to be paid by Defendants to Plaintiff's Counsel, shall constitute grounds for cancellation or termination of the Stipulation or grounds for limiting any other provision of the Final Order.

## XI. MISCELLANEOUS PROVISIONS.

The Parties (a) acknowledge that it is their intent to consummate the Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

The Stipulation compromises claims that are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or any potential defense. The Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

The Parties agree that the Stipulation is subject to and governed by the laws of the State of Arkansas and subject to the continuing jurisdiction of the United States District Court for the Western District of Arkansas.

The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

The Stipulation constitutes the entire agreement among the Parties hereto. No representations, warranties or inducements have been made to any party concerning the Stipulation other than the representations, warranties, and covenants contained and memorialized in such documents. Plaintiff represents that she has entered into this Stipulation of her free will and accord, after consultation with her attorneys, that Plaintiff and her attorneys have made a full and independent investigation of the facts and representations relating to the Stipulation, and that they have not been induced to enter into this Stipulation by any statement, fact, or representation of any kind or character on the part of Defendants or their attorneys or representatives other than those specifically set out herein.

Plaintiff expressly authorizes her Counsel to take all appropriate action required or permitted to be taken by Plaintiff pursuant to the Stipulation to effect its terms.

Each counsel or other person executing the Stipulation on behalf of any Party hereto hereby warrants that such person has the full authority to do so.

The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed under seal with the Court.

MARIAH SIMPSON

Dated: 10-22-18

By: *[signature]*
Mariah Simpson

Dated: 11/1/18

DEFENDANTS

By: *[signature]* Scott Romuch
A590C. General Counsel on behalf of Defendants.

*[signature]*

Josh Sanford (Ark. Bar No. 2001037)
Steve Rauls (Ark. Bar No. 2011170)
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
josh@sanfordlawfirm.com
chris@sanfordlawfirm.com

ATTORNEYS FOR PLAINTIFF

*[signature]* Kimberly P Miers

Kimberly R. Miers (Texas Bar No. 24041482)
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, TX 78701
Telephone: 512.982.7253
kmiers@littler.com

Celeste Yeager (Texas Bar No. 00797715)
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201.2931
Telephone: (214) 880-8100
Facsimile: (214) 880-0181
cyeager@littler.com

ATTORNEYS FOR DEFENDANTS

FIRMWIDE:156662070.2 097988.1002